Dear Mr. Boudreaux:
You have asked this office to clarify whether still wines and sparkling wines sold and shipped in compliance with the provisions of R.S. 26:359,[1] directly to a consumer in Louisiana who is over the age of 21, may be transported and delivered to a consumer living in a political subdivision of the state in which the sale of alcoholic beverages is prohibited, or whether the transportation and delivery of those alcoholic beverages to a household address in such an area would violate R.S. 26:596[2]
and R.S. 26:714[3].
In Attorney General Opinion 00-01 this office concluded that, as authorized by R.S. 26:359, out-of-state manufacturers and retailers of still and sparkling wines are allowed to direct ship their product to Louisiana consumers because the point-of-sale is defined by the legislature as occurring outside of prohibition territory at the domicile of the manufacturer or retailer. See R.S. 26:359B(2). Further, R.S. 26:326 authorizes the direct sale and shipment of Louisiana native wines by common carrier to any consumer domiciled in the state of Louisiana. See Attorney General Opinion 99-228.
A review of 26:596 indicates that this statute was intended only to prohibit delivery of alcoholic beverages to "retail or other dealers" who are located within the geographical limits of a prohibition area. A review of R.S. 26:714 reflects that this statute was intended only to prohibit the solicitation of orders for the purchase of alcoholic beverages made within the geographical limits of a prohibition area.
The legal conclusions drawn in Attorney General Opinions 99-228 and 00-01 are predicated upon rules of legal construction which recognize the most recent acts of the legislature as controlling. The argument exists that our interpretation of the law might "diminish the effectiveness of local option elections". SeeCole-Miers Post 3619 V.F.W. of DeRidder vs. Departments ofRevenue Taxation, Office of Alcoholic Beverage Control,2000 WL 49636 (La.), at page 6. We find more applicable to the instant matter the legal corollary presented by the court in King vs.Caddo Parish Commission, 727 So.2d 545 (La.App. 2nd Cir. 1998), where the court stated:
 While the privilege of regulating traffic in alcoholic beverages may be delegated to a political subdivision by the State, the State does not thereby surrender its power or right to alter or recall the delegated power. A political subdivision that exercises such delegated authority can never obtain "vested rights" in the enforcement of a local option ordinance. See King, supra, at page 547, and citations therein.
In summary, the law does not prohibit an out-of-state manufacturer or retailer from shipping still and sparkling wines to a Louisiana consumer (as opposed to a "retail or other dealer") who is domiciled within a prohibition area. Further, the law allows the intrastate shipment of Louisiana native wines to a Louisiana consumer domiciled within a prohibition area.
We hope the foregoing is helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] § 359. Importation of alcoholic beverages by wholesalers only
A. Except as provided in subsection B of this Section, no alcoholic beverages as defined in R.S. 26:241(1) produced or manufactured outside of this state shall be sold or offered for sale in Louisiana, or shipped or transported into the state, except to the holder of a wholesaler's permit. Deliver of alcoholic beverages produced or manufactured outside of this state shall be made at the place of business of the wholesaler shown on the wholesaler's permit, and must be received and warehoused by the wholesaler at that place of business, where such alcoholic beverages shall come to rest before delivery is made to any retailer.
B. (1) Notwithstanding the provisions of Subsection A of this Section, sparkling wine or still wine may be sold and shipped directly to a consumer in Louisiana by the manufacturer or retailer of such beverage domiciled outside of Louisiana, provided both that all taxes levied in R.S. 26:341(B) have been paid in full and that all of the following apply:
(a) The consumer is twenty-one years of age or older.
(b) The sparkling wine or still wine is for that consumer's personal consumption.
(c) The total amount of sparkling wine or still wine shipped to any single household address does not exceed forty-eight seven hundred fifty milliliter bottles per calendar year.
(d) The manufacturer or retailer engaging in such direct sales holds a valid manufacturer's or retailer's license issue by the state of its domicile.
(e) The package in which the sparkling wine or still wine is shipped is prominently labeled as containing beverage alcohol.
(f) The package in which such sparkling wine or still wine is shipped is received by a person twenty-one years of age or older.
(g) The package contains an invoice indicating the date of the shipment, providing a full and complete description of all items included in the shipment, and stating the price thereof.
(h) The manufacturer or retailer has complied with the provisions of Subsections C and D of this Section.
(i) The seller or shipper who is a manufacturer is not a party, directly or indirectly, to any agreement in which a wholesaler licensed by the state of Louisiana has been granted the right to purchase and to sell any sparkling wine or still wine produced by the manufacturer. This does not include any sale of sparkling wine or still wine perfected on the premises of the manufacturer and completed by shipment to a consumer in Louisiana otherwise made in accordance with the provisions of this Subsection.
(2) For all purposes under this Title, the point of sale for transactions made pursuant to this Subsection shall be the place of domicile of the manufacturer or retailer. Delivery to the consumer in Louisiana shall be deemed to have occurred upon the placing of such beverages into the possession of a common carrier for transport into the state of Louisiana.
[2] R.S. 26:596 provides:
§ 596. Illegal transportation or deliver in prohibition area
A. When the sale of any alcoholic beverage containing more than one-half of one percent alcohol by volume is prohibited in any subdivision of this state, no wholesale or retail dealer or carrier for either of them shall deliver such beverage or cause such beverage to be transported, or delivered in such subdivision to any retail or other dealer who participates or has participated in the purchase, barter, or exchange of such beverage, even though the purchase, barter or exchange be transacted outside of such subdivision. The provisions of this Section shall not apply to the transportation or delivery of alcohol or alcoholic beverages or substances for use solely in the preparation of medicines or for medicinal purposes by prescription departments of drug stores, hospitals, or other business establishments or persons licensed to compound or dispense medicines.
B. Whoever violates the provisions of this Section shall be punished by the same penalties as are fixed for illegal sales of alcoholic beverages by ordinances adopted by the subdivision wherein the offense occurred in accordance with the provisions of R.S. 26:595.
C. Nothing in this Section shall prohibit the transportation from a political subdivision where the sale of alcoholic beverages is legal to another political subdivision where the sale of alcoholic beverages is legal or intrastate transportation of alcoholic beverages in political subdivisions where the sale of alcoholic beverages is prohibited under this Chapter.
[3] R.S. 26:714 provides:
§ 714. Soliciting sale of alcoholic beverages in prohibition area; penalty
A. No person shall seek, solicit, or receive orders from anyone for the purchase of alcoholic beverages within the limits of any municipality, ward, or parish in which the retailing of such beverages is prohibited.
B. Whoever violates this Section shall be fined not more than one hundred dollars or imprisoned for not more than six months, or both.